005-213

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| EROALDO SANTOS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OCEAN BLUE TRUCKING, INC., )<br>)<br>Defendant. )<br>) | Case No. 18 CV 7077 |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, EROALDO SANTOS ("Plaintiff"), by and through his attorneys, ANDREOU & CASSON, LTD., and for his Complaint at Law against Defendant, OCEAN BLUE TRUCKING, INC. ("Defendant"), states and alleges as follows:

**INTRODUCTION**

The Plaintiff, ERALDO SANTOS, seeks redress under the Fair Labor Standards Act, 29 U.S.C. 201, et seq. and the Illinois Labor Code 820 § 105/4a for Defendant's failure to pay overtime wages.

**JURISDICTION AND VENUE**

1. The Northern District has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and all federal claims subject to 28 U.S.C. § 1331.

2. The Court has supplemental jurisdiction to hear the Illinois state court claims under 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) as a substantial part of the events which are alleged herein occurred in Cook County, Illinois.

4. Venue of this action has been properly laid in the Northern District of Illinois, Eastern Division, as upon information and belief, all parties to this complaint are citizens of the State of Illinois, and reside or have its principal place of business in the Norther District of Illinois. .

## PARTIES

5. Plaintiff at all times relevant was an employee of Defendant and a resident of Cook County, Illinois.

6. Defendant is a domestic corporation incorporated under the laws of the State of Illinois.

## COUNT I

### Violation of the Fair Labor Standards Act – Overtime Wages

7. This count arises from the Defendant's violation of the Fair Labor Standards Act, hereinafter referred to as the FLSA, 29 U.S.C. § 201, for its failure to pay overtime wages to Plaintiff for all hours worked.

8. The Defendant is an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et.seq.

9. The Defendant was engaged in commerce or the production of good in commerce.

10. At all relevant times herein, Plaintiff was employed by Defendant as an "employee" subject to the FLSA. Plaintiff performed a variety of job duties and responsibilities for Defendant within this Judicial District. During the course of his employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

11. Plaintiff worked in excess of forty hours per week.

10. Pursuant to 29 U.S.C. § 207, for all weeks during which the Plaintiff worked in excess of forty hours, he was entitled to be compensated at a rate of one and one-half times his rate of pay for hours worked in excess of forty hours in individual weeks.

11. During the months of May 2014 to September 2018, Plaintiff worked in excess of 5,304 hours overtime as a delivery driver in the Chicagoland area.

12. Defendant did not compensate Plaintiff at a rate of one and one-half times his rate of pay for all overtime hours worked.

13. Defendant inconsistently compensated Plaintiff for overtime hours worked during the course of Plaintiff's employment. In fact, when the Plaintiff inquired about the inconsistency in the payment of overtime wages, he was told that he would not be receiving any overtime pay regardless of the hours he worked.

14. By compensating Plaintiff for some overtime hours worked at a rate of one and one-half times his rate of pay, Defendant demonstrated his knowledge of the required overtime pay structure.

14. The Defendant's failure to consistently pay overtime wages for hours worked in excess of forty hours per week demonstrates a willful violation of FLSA 29 U.S.C. § 201.

15. Defendant willfully violated the FLSA by refusing to pay Plaintiff's overtime wages for all hours worked in excess of forty hours per week.

      WHEREFORE, Plaintiff respectfully requests that this Court:

a. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours in which Plaintiff worked in excess of forty hours per week.

b. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due.

      c.      Reasonable attorney fees and costs incurred in filing this action as provided pursuant to 29 U.S.C. §216(b); and

      d.      Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the Illinois Minimum Wage Law – Overtime Wages

16. The Plaintiff re-alleges and incorporates by references Paragraphs 1 through 15 as though fully plead herein.

17. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

18. At all relevant times herein, Plaintiff was employed by Defendant as an "employee" subject to the Illinois Minimum Wage Law, 820 ILCS 105/3(c). Plaintiff performed a variety of job duties and responsibilities for Defendant within this Judicial District. During the course of his employment by Defendant, Plaintiff was not exempt from overtime wage provisions of the Illinois Minimum Wage Law.

19. Plaintiff worked in excess of forty hours per week.

20. During the period of May 2017 to September 2018, Plaintiff worked in excess of 5,304 hours overtime.

21. Pursuant to 820 ILCS 105/3, for all weeks during which the Plaintiff worked in excess of forty hours, he was entitled to be compensated at a rate of one and one-half times his normal hourly rate of pay for hours worked in excess of forty hours in individual weeks.

22. Defendant inconsistently compensated Plaintiff for overtime hours worked during the course of Plaintiff's employment.

23. Defendant did not compensate Plaintiff at a rate of one and one-half times his rate of pay for all overtime hours worked.

24. By compensating Plaintiff for some overtime hours worked at a rate of one and one-half times his rate of pay, Defendant demonstrated his knowledge of the required overtime pay structure under the Illinois Minimum Wage Law.

25. The Defendant's failure to pay overtime wages for all hours worked in excess of forty hours per week was a willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/3.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. A judgment in the amount of one and one-half times Plaintiff's hourly wage rate for all hours which Plaintiff worked in excess of forty hours per week.

b. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a)

c. Reasonable attorney fees and costs incurred in filing this action; and

d. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

ANDREOU & CASSON, LTD.

By: */s/Luke A. Casson*
Luke A. Casson

ANDREOU & CASSON, LTD.
Firm No.: 39203
661 West Lake Street, Suite 2 North
Chicago, Illinois 60661
Main: (312) 935-2000
Fax: (312)935-2001
Direct: (312)935-5480